UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00134-MOC

| | |
|---|---|
| **ESTHER DADE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **CAROLYN W. COLVIN,** Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff filed an application for a period of disability, Disability Insurance Benefits, and Supplemental Security Income benefits or "SSI." Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council. Plaintiff's request for

1

review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").  Thereafter, plaintiff timely filed this action.

**II.     Factual Background**

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth.  Such findings are referenced in the substantive discussion which follows.

**III.    Standard of Review**

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra.  Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence.  Hays v. Sullivan, supra.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the substantial administrative record. The issue is not whether a court might have reached a different conclusion had he been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

   a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

   b. An individual who does not have a "severe impairment" will not be found to be disabled;

   c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

3

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)-(f). In this case, the Commissioner determined plaintiff's claim at the fourth step of the sequential evaluation process.

**C. The Administrative Decision**

On October 18, 2011, plaintiff filed applications for a period of disability and disability insurance benefits under Title II, and Supplemental Security Income under title XVI, of the Act, alleging disability since December 1, 2010. A.R. 172, 179. Plaintiff's applications were denied initially on March 19, 2012 (A.R. 97), and upon reconsideration on September 27, 2012. A.R. 102, 112. An administrative law judge (ALJ) held a hearing on June 25, 2013, at which plaintiff, her former attorney, and a vocational expert (VE) appeared. A.R. 37. On August 28, 2013, the ALJ decided that Plaintiff was not disabled within the meaning of the Act since December 1, 2010. Tr. 32.

Subsequent to the Appeals Council denying review, the Commissioner considered and granted a second application for benefits determining under that petition that plaintiff was disabled. While raising other issues in this appeal,

plaintiff contends that the court should remand this action to the Commissioner for consideration of the impact of that favorable decision on this application.

D.   **Discussion**

1.   **Plaintiff's Assignments of Error**

Plaintiff has made the following assignments of error:

> A.   **Subsequent Allowance.** HALLEX I-5-3-17 provides that if the initial or reconsideration determination on a subsequent application is favorable, then the Appeals Council will consider evidence from the subsequent claim to determine whether there is new and material evidence relating to the prior claim. In this case on a subsequent application the Defendant found Dade disabled the day after the ALJ denial. Is remand required so that the Appeals Council may consider the impact, if any, of the allowance of benefits on the subsequent application?
> B.   **New evidence.** When new evidence is submitted to the Appeals Council, the Court reviews the Council's decision not to vacate the ALJ's decision based on the new evidence, and evaluates the ALJ's decision based on the entire record, including the evidence submitted to the Council. Where evidence submitted to the Council contradicts the findings of the ALJ, was it error not to vacate the ALJ's decision, and is the ALJ's decision rendered unsupported?
> C.   **Treating Physician Opinion.** When the ALJ does not accept all or part of a physician's opinion the ALJ is required to give good reasons in the decision for the weight given the opinion. When the opinion is from a treating physician 20 CFR §§ 404.1527(c)(2), 416.927(c)(2) requires the ALJ give that opinion special consideration. Here, the ALJ rejects Dade's treating physician's opinion because her treatment records said she was stable. When the ALJ does not give good reasons for rejecting a treating physician's opinions, must his decision be reversed?
> D.   **Psychiatric Review Technique.** Where there is a colorable claim of a mental impairment, the ALJ is required to follow a special procedure. The ALJ here despite acknowledging Dade was

being treated for depression and anxiety did not follow the mandated procedure to determine whether Dade had a severe mental impairment. Where the ALJ fails to make the required findings, must his decision be reversed?

Plaintiff's assignments of error will be discussed seriatim.

### 2. First Assignment of Error: HALLEX I-5-3-17

Plaintiff contends that HALLEX I-5-3-17 requires remand of this matter to the Appeals Council so that it may consider the impact of the subsequent favorable decision on this earlier decision denying benefits.

HALLEX I-5-3-17 only applies as of the day after the date on which the ALJ decision at issue here was issued. As explained in Everett v. Colvin, 2014 WL 6387604, at *6–7 (W.D.N.C. Nov. 14, 2013, HALLEX I-5-3-17 applies only when a claim is pending before the Appeals Council and where the Appeals Council's denial of review predates the subsequent favorable disability decision, the HALLEX instruction does not apply and "the subsequent ruling has no bearing on [the plaintiff's] case before the Court." Id. The court, therefore, overrules this assignment of error.

### 3. Second Assignment of Error: New Evidence

Next, plaintiff contends that the Appeals Council erred when it declined to review, vacate, and remand the decision of the ALJ based on plaintiff's proffer of

new evidence. Plaintiff sub-contention concerning a typographical error in the Appeals Council's decision concerning a date is a harmless error.

The Appeals Council is required by 20, Code of Federal Regulation, Part 404.970, to review certain decisions of an ALJ. In pertinent part, the regulation provides:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970. However, "nothing in the Social Security Act or regulations promulgated pursuant to it requires that the Appeals Council explain its rationale for denying review." Meyer v. Astrue, 662 F.3d 700, 705 (4th Cir. 2011).

Plaintiff contends that the Appeals Council erred in failing to weigh or analyze the newly submitted opinions of Dr. Dalessandro and Ms. Rigby (Tr. 2, 633, 635–39). Plaintiff also contends that the Appeals Council erred in failing to incorporate into the administrative record the functional-capacity evaluation to which Dr. Dalessandro referred in his October 15, 2013 opinion.

The problem with these assignments of error is that the Appeals Council is only obligated to review and consider new and material; evidence that relates to the period on or before the date of the ALJ's decision. 20 C.F.R. §§ 404.976(b)(1), 416.1476(b)(1). While plaintiff and Dr. Dalessandro represent the questionnaire he filled out as being "for the period prior to August 28, 2013," A.R. at 635, the questionnaire includes no explanation of how Dr. Dalessandro could extrapolate backwards plaintiff's condition based on an October 9, 2013 functional-capacity evaluation. The evidence plaintiff tendered as new and material evidence was evidence generated *after* the ALJ issued his decision and was an evaluation of plaintiff's functional capacity on October 9, 2013, which, while certainly having great bearing on plaintiff's second application, see 20 C.F.R. §§ 404.976(b)(1), 416.1476(b)(1), had no relationship to the period at issue here, which was the date on onset December 1, 2010, through August 28, 2013, the date of the ALJ's decision. Plaintiff is advised that this court is not easily distracted or swayed by such *post-hac* attempts to conjure favorable evidence. Finally, to the extent that plaintiff contends that such evidence also points to the ALJ's decision being not supported by substantial evidence, this court is unpersuaded. This argument is again based on the post-decision Dr. Dalessandro Opinion, which is in turn based on an October 9, 2013, functional-capacity evaluation. A.R. 635-39. There simply

is no connection between this opinion and the period that was considered by the ALJ.

Finding no merit to the argument, the court overrules plaintiff's second assignment of error.

### 4. Third Assignment of Error: Treating Physician Opinions

Plaintiff next contends that it was error for the ALJ to reject the opinion of plaintiff treating physician. Specifically, plaintiff takes issue with the thoroughness of the ALJ in giving reasons for rejecting such opinion. Plaintiff argues that the ALJ improperly "focused on isolated references to [Plaintiff's] condition being 'stable' or he plucked words such as 'twinges' from treatment records to justify complete rejection of Dr. Dalessandro's opinions rather than considering the entirety of treatment records and applying the [aforementioned] factors . . . " Pl. Br. at 10.

A treating physician is a physician who has observed the plaintiff's condition over a prolonged period of time. Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). Opinions of a treating physician are only entitled to controlling weight where they are supported by "clinical and laboratory diagnostic techniques," and are not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(c)(2).

The only evidence the ALJ had before him from Dr. Dalessandro was a letter dated February 27, 2014 (A.R. at 544), which was patently not the type of medical evidence that *could* be evaluated in the manner required by 20 C.F.R. §§ 404.1527(c), 416.927(c). Indeed, that letter specified no functional limitations, but simply concluded that plaintiff "need[ed] to be on total disability" due to her pain. A determination on a vocational issue by a doctor, a question which is ultimately left to the Commissioner, is not a medical opinion, 20 C.F.R. §§ 404.1527(d), entitling that opinion to no "special significance." 20 C.F.R. §§ 404.1527(d)(3).

Finally, the court finds the reasons given by the ALJ for rejecting such opinion were sufficient and that the ALJ's references to "stability" and other challenged terms were fully supported and indeed based on observations or reports by Dr. Dalessandro. A.R. 543, 549-550, & 555-557. Substantial evidence supports the ALJ's evaluation of Dr. Dalessandro's February 2013 opinion.

### 5. Fourth Assignment of Error: Evaluation of Mental Impairments

Plaintiff next contends that the ALJ erred in considering plaintiff's depression and anxiety by not following the mandated procedure to determine whether she had a severe mental impairment. The Commissioner is, however, only required to apply the special technique "[w]hen a claimant alleges disability due to

a mental condition." Smith v. Astrue, 2011 WL 6012317, at *4 (W.D.N.C. Dec. 1, 2011) (citation and internal quotation marks omitted).  Review of the record reveals no claim -- not even in part -- of plaintiff's alleged disability being attributable to depression, anxiety, or any other mental impairment.  If the Commissioner was required to utilize the "special technique" in cases where there is *any* evidence of depression and anxiety, it is not hard to envision that she would be required to use that technique in *all* cases as it is the rare person who can go through life without at least episodic depression or anxiety, especially those in the workforce.  Thus, the court can give absolutely no weight to this assignment of error as it is readily apparent to the court that plaintiff did not assert in her application or elsewhere that her inability to work was based on any mental impairment.

Likewise, plaintiff's argument that the ALJ erred in not weighing the impact of her depression and anxiety on her ability to work is without merit.  While SSR 96-8p requires the Commissioner to consider the limitations and restrictions imposed by all impairments, even non-severe impairments, there simply is no evidence of record that provides for any limitation or restriction based on depression or anxiety.  As plaintiff bears the burden of proof and in coming forward with evidence that would support imposing a limitation through the fourth

step of the sequential evaluation process, Rogers v. Barnhart, 216 Fed. App'x. 345, 348 (4th Cir. 2007), it simply cannot be error for the ALJ to not impose a limitation or restriction for which there was no evidence. The burden is on the claimant to establish that he or she suffers from a physical or mental impairment which limits functional capacity. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). Given the absence of even alleged functional limitation resulting from depression, anxiety, or any other mental impairment, the court cannot ascribe any error in the ALJ's treatment of plaintiff's depression and anxiety.

### E. Conclusion

The court has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED**;

(2) the plaintiff's Motion for Summary Judgment (#9) is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment (#11) is **GRANTED**; and

(4) this action is **DISMISSED**.

The Clerk of Court shall enter Judgment consistent with this decision.

Signed: February 6, 2015

Max O. Cogburn Jr.
United States District Judge